# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN BRIDAL & PROM INDUSTRY ASSOCIATION, INC.; MON CHERI BRIDALS, LLC; PROMGIRL, INC.; MAGGIE SOTTERO DESIGNS, LLC; LA FEMME BOUTIQUE, INC.; BARI-JAY FASHIONS, INC.; ALYCE DESIGNS, INC.; ALLURE BRIDALS, INC.; WATTERS DESIGNS, INC. d/b/a WATTERS & WATTERS, INC.; NEXT CENTURY PRODUCTIONS, INC. d/b/a "SYDNEY'S CLOSET"; MORI LEE, LLC; EMME BRIDAL, INC.; SIMONE CARVALLI CORP.; BONNY MT ENTERPRISES CO., LTD.; CASABLANCA BRIDALS, INC.; IMPRESSION BRIDAL, INC.; FORMOSA SUNRISE LLC; ESSENSE OF AUSTRALIA, INC.; EDWARD BERGER, INC.; JOVANI FASHIONS LTD., LIZZETTE BRODSKY; FRANK DISANTIS; PRECIOUS FORMALS, INC.; COUNTESS CORPORATION; and JORDAN FASHIONS CORP., <br><br> Plaintiffs, <br><br> v. <br><br> AFFORDABLEBRIDALDRESS.COM; ANGELOFDRESSES.COM; ANGELPROMDRESSES.COM; BLANCHEDRESSES.COM; BRIDALDRESSUK.CO.UK; CARAMOTHERDRESSES.COM; CHEAP-WEDDING-GOWNS.COM; CHEAPARTYDRESSES.COM; CHEAPDRESSESUS.COM; CHEAPHOMECOMINGSTORE.COM; CHEAPWEDDINGDRESSDESIGNER.COM; COCKTAILSEXYDRESSES.COM; DIDRESS.COM; DISCOUNTDRESSESALE.COM; DISCOUNTDRESSESUS.COM; DISCOUNTWEDDINGONLINE.COM; DREAMBRIDESDRESS.COM; DRESSFORUK.COM; DRESSILYROOM.COM; ELEGANT-BRIDALS.COM; ELIESAABDRESS.COM; GOLDENBRIDALS.COM; GOWNROOM.COM; | CIVIL ACTION NO. <br> 3:14-cv-2311 (AET)(LHG) <br><br><br><br> **MEMORADUM ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, DAMAGES AND PERMANENT INJUNCTIVE RELIEF** |

IEDRESSONLINE.COM;
IFASHIONTUBE.COM;
JARETE.COM;
JCANBRIDAL.COM;
JUNIORBRIDESMAIDONLINE.COM;
LINDADRESSES.COM;
LOVEBRIDESHOP.COM;
MOONBAYDRESS.COM;
NEWYORKBRIDALDRESS.COM;
OYEAHBRIDAL.COM;
PICKONEDRESS.COM;
PLUSPROMDRESSONLINE.COM;
PRETTYBRIDESTORE.COM;
PURPLEBRIDALDRESS.COM;
SHOPEDRESSAU.COM;
SHOPOFGIRLS.COM;
SINAESTORE.COM;
STORMTAG.COM;
SUITINGDRESSES.COM;
THEREONE.COM;
UNIQUEDRESSESONLINE.COM;
WEDDINGCOO.COM;
WEDDINGDRESSCORNER.COM;
WHITEDRESSESONLINE.COM;
WHOLESALECHEAPGOWN.COM;
YOOKHOT.COM;
BREICE.COM;
BRIDAL2012.COM;
BRIDESEASE.COM;
DE.THEREONE.COM;
DESIGNERDRESSESIRELAND.COM;
DONHOT.COM;
EASTBRIDALS.COM;
EMILYDRESSES.COM;
FASHIONHEAD2TOE.COM;
FLOWERGIRLDRESSUS.COM;
FOREVERWEDDINGGOWN.COM;
FORMALDRESSAU.COM;
JENNABRIDALSHOP.COM;
LAFARILA.COM;
MARGENEBRIDAL.COM;
MICWEDDINGDRESSES.COM;
NEEDRESS.COM;
OKAYDRESS.COM;
OKDRESSESONLINE.COM;
OKMARKET.COM;
PROMDRESS-MARKET.COM;
PROMDRESSESNEW.COM;
QOSSI.COM;
QUKEY.COM;

SWEETHEARTBRIDALDRESS.COM;
TOBEBRIDAL.COM;
TOPB2C.BIZ;
TOPB2C.INFO;
VAMPAL.COM;
WEDDINGDRESSBRIDAL.COM;
200SHOP.NET;
AFFORDABLEDRESSONLINE.COM;
BERMUDABRIDAL.COM;
BESTPRICESWEDDING.COM;
BESTPROMHEELS.COM;
BILLIESHOPPE.COM;
BRIDALDREAMDRESS.COM;
BRIDALFANCY.COM;
BRIDALFORQUEENS.COM;
BRIDALPLATFORMS.COM;
BRIDALREDSHOES.COM;
BRIDALSEXYSHOES.COM;
BRIDALSHOES4LESS.COM;
BRIDALSHOESHUB.COM;
BRIDALSHOESMALL.COM;
BRIDALSHOESWHOLESALE.COM;
BRIDALSHOPALBANY.COM;
BRIDALSHOPORANGE.COM;
BRIDALSHOPSALE.COM;
BRIDALWEAVE.COM;
BUPOP.COM;
CHEAPWEDDINGDRESSES-ONLINE.COM;
DARLINGIDO.COM;
DESIGNERWEDDINGSHOP.COM;
DRESSILYBRIDE.COM;
EVENINGDRESSESINUK.COM;
FASHIONLANDE.COM;
GIOIAOFITALYFASHIONS.COM;
GO2WEDDINGS.COM;
JOLIEBRIDES.COM;
JOYZILLA.COM;
LONGWEDDINGDRESSONLINE.COM;
LUCKYDRESSES.COM;
LUCYBRIDALDRESS.COM;
LUXEBRIDALSHOES.COM;
MARYKINOBRIDAL.COM;
MAXINEBRIDAL.COM;
MEGANBRIDE.ORG;
MONBALLYBRIDAL.COM;
NEWKEYSHOP.COM;
NICEPARTYDRESS.COM;
OUTLETPROM.COM;
PAGEANTDRESSESSHOP.COM;
PRADABRIDAL.NET;

PRETTYWEDDINGSHOPS.COM;
PROMBUYING.COM;
PROMDRESSFOREVER.COM;
PROMEDRESSUSA.COM;
PROMONLINECHEAP.COM;
PWEDDINGDRESSES.COM;
QUALITY-GOODS.COM;
QUINCEANERA.EASTBRIDALS.COM;
QUINCEANERADRESSONLINE.COM;
SHOPBRIDESMAIDGOWN.COM;
SHOPINDREAM.COM;
SHOPOFBRIDALSHOES.COM;
SHORTDRESSESSHOP.COM;
SIMPLYBRIDAL.US;
SPOSAWHOLESALES.COM;
STARRYDRESSES.COM;
TOODRESS.NET;
UBRIDES.COM;
VENUSBRIDALSHOP.COM;
VERNADRESS.COM;
VOGUEFINDER.COM;
VOGUEGRABBER.COM;
VOGUEPORTER.COM;
WEDDINGDRESSESWINDSOR.COM;
WEDDINGSHOPMINNEAPOLIS.COM;
WEDDINGSHOPMINNESOTA.COM;
WEDDINGSHOPMOBILE.COM;
WEDDINGSHOPMOE.COM;
WEDDINGSHOPMONCTON.COM;
WEDDINGSHOPMOUNTGAMBIER.COM;
WEDDINGSHOPMOUNTISA.COM;
WEDDINGSHOPNEWCASTLE.COM;
WEDDINGSHOPNEWLONDON.COM;
WEDDINGSHOPNEWPORTNEWS.COM;
WEDDINGSHOPSACRAMENTO.COM;
WEDDINGSHOPSASKATOON.COM;
YEARDRESS.ORG;
100BRIDAL.COM;
101WEDDINGSTORY.COM;
2013FORMALDRESS.COM;
ALINEDRESSSALE.COM;
AUDRESSES.COM;
AUEVENINGDRESSES.COM;
BLOOMYBRIDAL.COM;
BOUTIQUEDRESSMALL.COM;
BRIDALVEILSBOUTIQUE.COM;
BRIDALWHITEHEELS.COM;
BUYWOMENDRESSSALE.COM;
CHEAPESTPROMSHOES.COM;
CHEAPPROMDRESSESNZ.COM;

| | |
|---|---|
| CORALSBRIDAL.COM;<br>CRYSTALDRESSES.COM;<br>DESIGNEREDRESS.COM;<br>DREAMPROM.COM;<br>DRESS-MARKET.COM;<br>DRESSESCITY.COM;<br>DRESSINMODA.COM;<br>DRESSONLINENZ.COM;<br>EDRESST.COM;<br>FASHIONPROMS.COM;<br>FEMMEBRIDES.COM;<br>FEMMEPROM.COM;<br>HALTERBRIDALDRESSES.COM;<br>HAPPIESTBRIDAL.COM;<br>HELLODRESSES.COM;<br>IZIDRESSES.COM;<br>JULIADRESSES.COM;<br>KELLY-PROM.COM;<br>LOTUSBRIDALS.COM;<br>LUXURYPROMSHOES.COM;<br>MASTERBRIDAL.COM;<br>MERAHBRIDES.COM;<br>NEWPROMSHOES.COM;<br>ONLINEDRESSALE.COM;<br>ONLINEPROMSHOES.COM;<br>ORDER2OFFER.COM;<br>PARTYDRESSY.COM;<br>PFBRIDE.COM;<br>PROMPENNY.COM;<br>ROSELIFEONLINE.COM;<br>SANDIEGOBRIDALS.COM;<br>SHOESWALLET.COM;<br>SHOPONLINEDRESS.COM;<br>SHOPPINGWEDDINGDRESSES.COM;<br>SIGHTHIT.COM;<br>SPECIALWEDDINGDRESSES.COM;<br>SPOSABUYING.COM;<br>STOREOFPROMSHOES.COM;<br>TESBUY.COM;<br>THDRESS.COM;<br>URPROMDRESSES.COM;<br>WEDDING-DRESS.US;<br>WEDDINGDRESSESANCASTER.COM;<br>WEDDINGDRESSESANJOU.COM;<br>WEDDINGDRESSESARNPRIOR.COM;<br>WEDDINGDRESSESAURORA.COM;<br>WEDDINGDRESSESBROMONT.COM;<br>WEDDINGDRESSESCHICOUTIMI.COM;<br>WEDDINGDRESSESCRABTREE.COM;<br>WEDDINGDRESSESGANDER.COM; | |

| | |
|---|---|
| WEDDINGDRESSESMONTR.COM; <br> WEDDINGDRESSESSUMMERSIDE.COM; <br> WEDDINGDRESSESTERREBONNE.COM; <br> WEDDINGDRESSESYARMOUTH.COM; <br> WEDDINGDRESSHERE.COM; <br> WEDDINGGOWNS-WHOLESALE.COM; <br> CHEAPBRIDALPROM.COM; <br> JULIADRESS.COM; <br> 3DS57.COM; <br> JOHN DOES 1-1,000 and <br> XYZ COMPANIES 1-1,000, <br><br>                                    Defendants. | |

Plaintiffs, American Bridal & Prom Industry Association, Inc.; Mon Cheri Bridals, LLC; Promgirl, Inc.; Maggie Sottero Designs, LLC; La Femme Boutique, Inc.; Bari-Jay Fashions, Inc.; Alyce Designs, Inc.; Allure Bridals, Inc.; Watters Designs, Inc. d/b/a Watters & Watters, Inc.; Next Century Productions, Inc.; Mori Lee, LLC; Emme Bridal, Inc.; Simone Carvalli Corp.; Bonny MT Enterprises Co., Ltd.; Casablanca Bridals, Inc.; Impression Bridal, Inc.; Formosa Sunrise, LLC; Essense of Australia, Inc.; Edward Berger, Inc.; Jovani Fashions, Ltd.; Lizzette Brodsky; Frank DiSantis; Precious Formals, Inc.; Countess Corporation; Jordan Fashions Corp. (collectively "Plaintiffs") having moved against Defendants, the owners and/or operators of the websites having moved against Defendants, the owners and/or operators of the websites affordablebridaldress.com; angelofdresses.com; angelpromdresses.com; bridaldressuk.co.uk; caramotherdresses.com; cheap-wedding-gowns.com; cheapartydresses.com; cheapdressesus.com; cheaphomecomingstore.com; cheapweddingdressdesigner.com; didress.com; discountweddingonline.com; dreambridesdress.com; dressilyroom.com; elegant-bridals.com; eliesaabdress.com; goldenbridals.com; gownroom.com; iedressonline.com; jarete.com; jcanbridal.com; juniorbridesmaidonline.com; lindadresses.com; lovebrideshop.com; moonbaydress.com; newyorkbridaldress.com; oyeahbridal.com; pickonedress.com; pluspromdressonline.com; prettybridestore.com; purplebridaldress.com; shopofgirls.com;

6

sinaestore.com; stormtag.com; suitingdresses.com; thereone.com; weddingcoo.com; weddingdresscorner.com; whitedressesonline.com; yookhot.com; bridal2012.com; bridesease.com; de.thereone.com; emilydresses.com; fashionhead2toe.com; flowergirldressus.com; foreverweddinggown.com; formaldressau.com; jennabridalshop.com; lafarila.com; margenebridal.com; needress.com; okaydress.com; promdressesnew.com; qossi.com; qukey.com; sweetheartbridaldress.com; tobebridal.com; topb2c.biz; topb2c.info; vampal.com; weddingdressbridal.com; 200shop.net; affordabledressonline.com; bestpriceswedding.com; bestpromheels.com; billieshoppe.com; bridalfancy.com; bridalplatforms.com; bridalredshoes.com; bridalsexyshoes.com; bridalshoes4less.com; bridalshoeshub.com; bridalshoesmall.com; bridalshoeswholesale.com; bridalshopalbany.com;bridalshoporange.com; bridalshopsale.com; bridalweave.com; cheapweddingdresses-online.com; darlingido.com; designerweddingshop.com; dressilybride.com; eveningdressesinuk.com; fashionlande.com; go2weddings.com; joliebrides.com; joyzilla.com; longweddingdressonline.com; luckydresses.com; lucybridaldress.com; luxebridalshoes.com; marykinobridal.com; maxinebridal.com; meganbride.org; monballybridal.com; newkeyshop.com; nicepartydress.com; outletprom.com; pradabridal.net; prettyweddingshops.com; prombuying.com; promdressforever.com; promonlinecheap.com; quality-goods.com; quinceaneradressonline.com; shopbridesmaidgown.com; shopindream.com; shopofbridalshoes.com; shortdressesshop.com; simplybridal.us; sposawholesales.com; starrydresses.com; ubrides.com; venusbridalshop.com; vernadress.com; voguefinder.com; voguegrabber.com; vogueporter.com; weddingdresseswindsor.com; weddingshopminneapolis.com; weddingshopminnesota.com; weddingshopmobile.com; weddingshopmoe.com; weddingshopmoncton.com; weddingshopmountgambier.com; weddingshopmountisa.com; weddingshopnewcastle.com; weddingshopnewlondon.com; weddingshopnewportnews.com; weddingshopsacramento.com;

weddingshopsaskatoon.com; 100bridal.com; 101weddingstory.com; 2013formaldress.com; audresses.com; aueveningdresses.com; bloomybridal.com; boutiquedressmall.com; bridalveilsboutique.com; bridalwhiteheels.com; buywomendresssale.com; cheapestpromshoes.com; cheappromdressesnz.com; crystaldresses.com; dreamprom.com; dressescity.com; dressinmoda.com; dressonlinenz.com; edresst.com; fashionproms.com; femmebrides.com; femmeprom.com; halterbridaldresses.com; happiestbridal.com; hellodresses.com; izidresses.com; kelly-prom.com; luxurypromshoes.com; masterbridal.com; merahbrides.com; newpromshoes.com; onlinepromshoes.com; pfbride.com; prompenny.com; roselifeonline.com; sandiegobridals.com; shoeswallet.com; shoppingweddingdresses.com; sighthit.com; sposabuying.com; storeofpromshoes.com; tesbuy.com; thdress.com; urpromdresses.com; wedding-dress.us; weddingdressesancaster.com; weddingdressesanjou.com; weddingdressesarnprior.com; weddingdressesaurora.com; weddingdressesbromont.com; weddingdresseschicoutimi.com; weddingdressescrabtree.com; weddingdressesgander.com; weddingdressesmontr.com; weddingdressessummerside.com; weddingdressesterrebonne.com; weddingdressesyarmouth.com; weddinggowns-wholesale.com; 3ds57.com; (collectively "Defendants")[1] for an Order entering default judgment and granting permanent injunctive relief pursuant to the laws of the United States, including the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), for the reason that Defendants are: 1) distributing, offering for sale and/or selling, via Internet websites (the "Infringing Web Sites") resolving at domain names which were identified in the Court's Preliminary Injunction Order (the

---

[1] Default was entered against these Defendants on November 12, 2014, and they are listed sequentially on pages 7–10 of that Entry. (Doc. No. 33).

"Infringing Domain Names"), goods bearing counterfeit reproductions of the Plaintiffs' federally registered and unregistered trademarks, as listed in the Complaint (the "Complaint"), which trademarks (collectively, the "Plaintiffs' Marks" or "Trademarks") are owned and controlled by Plaintiffs and used in connection with products listed in the Complaint (collectively, the "Plaintiffs' Products"); and/or 2) distributing, offering for sale and/or selling, via the Infringing Web Sites resolving at the Infringing Domain Names, goods through conduct which constitutes unfair competition under the Lanham Act; and the Court having reviewed the Memorandum of Law filed in support of the requested relief, the Declaration of Craig S. Hilliard, Esq. (the "Hilliard Declaration") and the exhibits submitted herewith on this application finds:

This Court having entered a Temporary Restraining Order and Preliminary Injunction against Defendants which included certain restrictions on the business operations of Defendants; and

Plaintiffs having properly completed service of process on Defendants, with notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and affording them the opportunity to present their objections; and

None of the Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired; and

The Clerk of this Court having entered default against the Defendants for failure to appear pursuant to Fed.R.Civ.P. 55(a), all as shown on the docket of this Court;

**THE COURT HEREBY FINDS** that Defendants are liable for willful federal trademark infringement and unfair competition in violation of Federal and State law;

**THE COURT FINDS:**

1. Plaintiffs would suffer prejudice if default judgment were denied;

2. Defendants do not appear to have any litigable or meritorious defenses to Plaintiffs'

allegations;

3. Defendants' failure to respond is due to their own culpable conduct;

4. Plaintiffs have properly served the Summons and Complaint and Defendants have failed to answer or otherwise respond to the Complaint within the time provided by the Federal Rules of Civil Procedure; and

5. The relief requested does not differ in kind from, or exceed the amount of, what is demanded in the Complaint;

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of Default Judgment is GRANTED in its entirety, that Defendants are deemed in default and that this Judgment is entered against Defendants.

**THE COURT FURTHER FINDS:**

6. Plaintiffs have suffered an irreparable injury;

7. The remedies available at law are insufficient and inadequate to properly compensate Plaintiffs for their injuries;

8. In balancing the respective equities, it is clear that a remedy in equity is warranted in favor of Plaintiffs; and

9. The public interest is furthered by preventing and disabling Defendants' unlawful actions;

**IT IS HEREBY ORDERED** that permanent injunctive relief is entered granting Plaintiffs relief as follows:

a. Enjoining and restraining Defendants, their officers, agents, servants and employees and any persons in active concert or participation with them, including, but not limited to, Internet Service Providers ("ISPs"), from:

(i) using the Plaintiffs' Marks or any reproduction, counterfeit, copy or

colorable imitation of the Plaintiffs' Marks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiffs; and

(ii)   passing off, inducing or enabling others to sell or pass off any Counterfeit Products as genuine products made and/or sold by Plaintiffs; and

(iii)   shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner bridal gowns, social occasion dresses, accessories or other items falsely bearing the Plaintiffs' Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

(iv)   utilizing the Infringing Domain Names and registering any additional domain names that use or incorporate any of the Plaintiffs' Marks; and

(v)   operating Defendants' Infringing Web Sites.

b. Restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth.

c. Ordering the domain name registries, including, but not limited to, VeriSign, Inc., Neustar, Inc., and Public Interest Registry and/or the individual registrars holding or listing one or more domain names used in conjunction with Defendants' Infringing Web Sites, to disable these domain names, through a registry hold or otherwise, and make them nontransferable;

d. The Infringing Domain Names shall be permanently transferred to Plaintiffs' control within ten (10) business days of receipt of this Order, and the domain name registries

for the Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., and Public Interest Registry and/or the individual registrars holding or listing one or more domain names used in conjunction with Defendants' Infringing Web Sites, shall unlock and change the registrar of record for the Infringing Domain Names to a registrar of Plaintiffs' selection, and the domain name registrars shall take any steps necessary to transfer the Infringing Domain Names to Plaintiffs' account at a registrar of Plaintiffs' selection.

e. Those in privity with Defendants and with notice of this Order, including any online marketplaces such as iOffer, social media platforms such as Facebook, YouTube, LinkedIn and Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts, domain name registrars and domain name registries, shall within five (5) business days: 1) disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the Plaintiffs' Marks, including any accounts associated with the Defendants listed in Exhibit "N" to the Hilliard Declaration filed in support of this motion; 2) disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiffs' Marks; and 3) take all steps necessary to prevent links to the Infringing Domain Names identified in Exhibit "N" to the Hilliard Declaration from displaying in search results, including, but not limited to, removing links to the Infringing Domain Names from any search index.

**IT IS HEREBY ORDERED**, that Defendants, including their agents, servants, employees, confederates and any persons acting in concert or participation with them or third parties providing services used in connection with Defendants' operations including, without

limitation, ISPs, registrars, or online third-party selling platforms, having knowledge of this Order by service, actual notice or otherwise be, and are, hereby permanently restrained from:

(a) Committing any of the acts set forth in subparagraphs (a)(i)-(v) above;

(b) Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Counterfeit Products, Defendants' Infringing Web Sites, and/or Defendants' assets and operations; and

(c) Removing, destroying or otherwise disposing of any computer files, electronic files, business records, or documents relating to Defendants' Infringing Web Sites, Defendants' assets and operations or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Counterfeit Products or any reproduction, counterfeit, copy or colorable imitation of the Plaintiffs' Marks; and

**IT IS HEREBY ORDERED**, that Plaintiffs may provide notice of this Order to any of the following: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc., or other merchant account providers, payment provider, third party processors, credit card associations (*i.e.* MasterCard and VISA), which receive payments or hold assets on Defendants' behalf; (3) any third party service providers, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries or online third-party sellers who have provided services for Defendants; and (4) social media platforms such as Facebook, YouTube, LinkedIn, Twitter, Instagram, and Internet search engines such as Google, Bing and Yahoo who shall, within ten (10) business days:

Provide copies of all documents and records in such person or entity's possession or control relating to:

(a)   The identities and addresses of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' Infringing Web Sites, Infringing Domain Names and financial accounts;

(b)   Defendants' Infringing Web Sites;

(c)   The Infringing Domain Names or any domain name registered by Defendants; and

(d)   Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc., Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (*i.e.*, MasterCard and VISA), for the purpose of:

   (i)   disabling and ceasing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using Plaintiffs' Trademarks;

   (ii)   disabling and ceasing the display of any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using Plaintiffs' Trademarks; and

14

      (iii) taking all steps necessary to prevent links to the Infringing Domain Names from displaying in search results, including, but not limited to, removing links to the Infringing Domain Names from any search index.

 **IT IS FURTHER ORDERED**, that in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue final equitable relief, Defendants and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation PayPal, Inc., or other merchant account providers, payment providers, or third party processors for any Defendant, any of Defendants' operations, Defendants' Infringing Web Sites or for any other web site owned or controlled by Defendants, who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants or Defendants' Infringing Web Sites and that such accounts be permanently restrained and enjoined from transferring or disposing of any money or other of Defendants' assets, not allowing such funds to be transferred or withdrawn, and not allowing any refunds, charge-backs, or other diminutions to be made from such accounts pending further Order from this Court; and

 **IT IS FURTHER ORDERED** that pursuant to 15 U.S.C. §1117, Plaintiffs are awarded statutory and compensatory damages from each of the Defendants in the amounts reflected in Exhibit "N" to the Hilliard Declaration, trebled for willfulness under 15 U.S.C. §1117; and

 **IT IS FURTHER ORDERED** that in accordance therewith, Plaintiffs shall submit, within ten (10) days of the date of this Order, separate forms of Final Judgment with respect to each Defendant in accordance with Fed.R.Civ.P. 58(a); and

 **IT IS FURTHER ORDERED** that all monies currently restrained in Defendants' financial accounts, including monies held by PayPal, Inc. ("PayPal"), are hereby released to Plaintiffs as partial payment of the above identified damages, and PayPal is ordered to release to

Plaintiffs the amounts from Defendants' PayPal accounts within ten (10) business days of receipt of this Order.

Until Plaintiffs have recovered full payment of monies owed to it by any Defendant, Plaintiffs shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions including, without limitation, PayPal (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within five (5) business days:

a. Locate all accounts connected to Defendants, Defendants' marketplace accounts or Defendants' websites, including, but not limited to, any PayPal accounts; and

b. Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendants' assets, and any funds in such accounts shall be transferred to Plaintiffs within ten (10) business days of receipt of this Order.

In the event that Plaintiffs identify any additional domain names or financial accounts owned by Defendants, Plaintiffs may send notice of any supplemental proceeding to Defendants by email at the email addresses identified earlier in this litigation.

**SIGNED** this 3rd day of June, 2015.

  */s/ Anne E. Thompson*
  HON. ANNE E. THOMPSON, U.S.D.J.