<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN BRIDAL & PROM INDUSTRY ASSOCIATION, INC.; MON CHERI BRIDALS, LLC; PROMGIRL, INC.; MAGGIE SOTTERO DESIGNS, LLC; LA FEMME BOUTIQUE, INC.; BARI-JAY FASHIONS, INC.; ALYCE DESIGNS, INC.;  ALLURE BRIDALS, INC.; WATTERS DESIGNS, INC. d/b/a WATTERS & WATTERS, INC.; NEXT CENTURY PRODUCTIONS, INC. d/b/a "SYDNEY'S CLOSET"; MORI LEE, LLC; EMME BRIDAL, INC.;  SIMONE CARVALLI CORP.; BONNY MT ENTERPRISES CO., LTD.; CASABLANCA BRIDALS, INC.; IMPRESSION BRIDAL, INC.; FORMOSA SUNRISE LLC; ESSENSE OF AUSTRALIA, INC.; EDWARD BERGER, INC.; JOVANI FASHIONS LTD., LIZZETTE BRODSKY; FRANK DISANTIS; PRECIOUS FORMALS, INC.; COUNTESS CORPORATION; and JORDAN FASHIONS CORP., <br><br><br><br>Plaintiffs, <br><br>v. <br><br>AFFORDABLEBRIDALDRESS.COM; ANGELOFDRESSES.COM; ANGELPROMDRESSES.COM; BLANCHEDRESSES.COM; BRIDALDRESSUK.CO.UK; CARAMOTHERDRESSES.COM; CHEAP-WEDDING-GOWNS.COM; CHEAPARTYDRESSES.COM; CHEAPDRESSESUS.COM; CHEAPHOMECOMINGSTORE.COM; CHEAPWEDDINGDRESSDESIGNER.COM; COCKTAILSEXYDRESSES.COM; DIDRESS.COM; DISCOUNTDRESSESALE.COM; DISCOUNTDRESSESUS.COM; DISCOUNTWEDDINGONLINE.COM; DREAMBRIDESDRESS.COM; DRESSFORUK.COM; DRESSILYROOM.COM; ELEGANT-BRIDALS.COM; ELIESAABDRESS.COM; GOLDENBRIDALS.COM; GOWNROOM.COM; | **CIVIL ACTION NO.** <br> 3:14-cv-2311 (AET)(LHG) <br><br><br><br><br><br><br><br><br><br><br><br> **OPINION** |

IEDRESSONLINE.COM;
IFASHIONTUBE.COM;
JARETE.COM;
JCANBRIDAL.COM;
JUNIORBRIDESMAIDONLINE.COM;
LINDADRESSES.COM;
LOVEBRIDESHOP.COM;
MOONBAYDRESS.COM;
NEWYORKBRIDALDRESS.COM;
OYEAHBRIDAL.COM;
PICKONEDRESS.COM;
PLUSPROMDRESSONLINE.COM;
PRETTYBRIDESTORE.COM;
PURPLEBRIDALDRESS.COM;
SHOPEDRESSAU.COM;
SHOPOFGIRLS.COM;
SINAESTORE.COM;
STORMTAG.COM;
SUITINGDRESSES.COM;
THEREONE.COM;
UNIQUEDRESSESONLINE.COM;
WEDDINGCOO.COM;
WEDDINGDRESSCORNER.COM;
WHITEDRESSESONLINE.COM;
WHOLESALECHEAPGOWN.COM;
YOOKHOT.COM;
BREICE.COM;
BRIDAL2012.COM;
BRIDESEASE.COM;
DE.THEREONE.COM;
DESIGNERDRESSESIRELAND.COM;
DONHOT.COM; EASTBRIDALS.COM;
EMILYDRESSES.COM;
FASHIONHEAD2TOE.COM;
FLOWERGIRLDRESSUS.COM;
FOREVERWEDDINGGOWN.COM;
FORMALDRESSAU.COM;
JENNABRIDALSHOP.COM;
LAFARILA.COM;
MARGENEBRIDAL.COM;
MICWEDDINGDRESSES.COM;
NEEDRESS.COM; OKAYDRESS.COM;
OKDRESSESONLINE.COM;
OKMARKET.COM;
PROMDRESS-MARKET.COM;
PROMDRESSESNEW.COM;
QOSSI.COM;
QUKEY.COM;

SWEETHEARTBRIDALDRESS.COM;
TOBEBRIDAL.COM;
TOPB2C.BIZ;
TOPB2C.INFO;
VAMPAL.COM;
WEDDINGDRESSBRIDAL.COM;
200SHOP.NET;
AFFORDABLEDRESSONLINE.COM;
BERMUDABRIDAL.COM;
BESTPRICESWEDDING.COM;
BESTPROMHEELS.COM;
BILLIESHOPPE.COM;
BRIDALDREAMDRESS.COM;
BRIDALFANCY.COM;
BRIDALFORQUEENS.COM;
BRIDALPLATFORMS.COM;
BRIDALREDSHOES.COM;
BRIDALSEXYSHOES.COM;
BRIDALSHOES4LESS.COM;
BRIDALSHOESHUB.COM;
BRIDALSHOESMALL.COM;
BRIDALSHOESWHOLESALE.COM;
BRIDALSHOPALBANY.COM;
BRIDALSHOPORANGE.COM;
BRIDALSHOPSALE.COM;
BRIDALWEAVE.COM; BUPOP.COM;
CHEAPWEDDINGDRESSES-ONLINE.COM;
DARLINGIDO.COM;
DESIGNERWEDDINGSHOP.COM;
DRESSILYBRIDE.COM;
EVENINGDRESSESINUK.COM;
FASHIONLANDE.COM;
GIOIAOFITALYFASHIONS.COM;
GO2WEDDINGS.COM; JOLIEBRIDES.COM;
JOYZILLA.COM;
LONGWEDDINGDRESSONLINE.COM;
LUCKYDRESSES.COM;
LUCYBRIDALDRESS.COM;
LUXEBRIDALSHOES.COM;
MARYKINOBRIDAL.COM;
MAXINEBRIDAL.COM;
MEGANBRIDE.ORG;
MONBALLYBRIDAL.COM;
NEWKEYSHOP.COM;
NICEPARTYDRESS.COM;
OUTLETPROM.COM;
PAGEANTDRESSESSHOP.COM;
PRADABRIDAL.NET;

PRETTYWEDDINGSHOPS.COM;
PROMBUYING.COM;
PROMDRESSFOREVER.COM;
PROMEDRESSUSA.COM;
PROMONLINECHEAP.COM;
PWEDDINGDRESSES.COM; QUALITY-
GOODS.COM;
QUINCEANERA.EASTBRIDALS.COM;
QUINCEANERADRESSONLINE.COM;
SHOPBRIDESMAIDGOWN.COM;
SHOPINDREAM.COM;
SHOPOFBRIDALSHOES.COM;
SHORTDRESSESSHOP.COM;
SIMPLYBRIDAL.US;
SPOSAWHOLESALES.COM;
STARRYDRESSES.COM;
TOODRESS.NET;
UBRIDES.COM; VENUSBRIDALSHOP.COM;
VERNADRESS.COM; VOGUEFINDER.COM;
VOGUEGRABBER.COM;
VOGUEPORTER.COM;
WEDDINGDRESSESWINDSOR.COM;
WEDDINGSHOPMINNEAPOLIS.COM;
WEDDINGSHOPMINNESOTA.COM;
WEDDINGSHOPMOBILE.COM;
WEDDINGSHOPMOE.COM;
WEDDINGSHOPMONCTON.COM;
WEDDINGSHOPMOUNTGAMBIER.COM;
WEDDINGSHOPMOUNTISA.COM;
WEDDINGSHOPNEWCASTLE.COM;
WEDDINGSHOPNEWLONDON.COM;
WEDDINGSHOPNEWPORTNEWS.COM;
WEDDINGSHOPSACRAMENTO.COM;
WEDDINGSHOPSASKATOON.COM;
YEARDRESS.ORG;
100BRIDAL.COM;
101WEDDINGSTORY.COM;
2013FORMALDRESS.COM;
ALINEDRESSSALE.COM;
AUDRESSES.COM;
AUEVENINGDRESSES.COM;
BLOOMYBRIDAL.COM;
BOUTIQUEDRESSMALL.COM;
BRIDALVEILSBOUTIQUE.COM;
BRIDALWHITEHEELS.COM;
BUYWOMENDRESSSALE.COM;
CHEAPESTPROMSHOES.COM;
CHEAPPROMDRESSESNZ.COM;

CORALSBRIDAL.COM;
CRYSTALDRESSES.COM;
DESIGNEREDRESS.COM;
DREAMPROM.COM;
DRESS-MARKET.COM;
DRESSESCITY.COM;
DRESSINMODA.COM;
DRESSONLINENZ.COM;
EDRESST.COM;
FASHIONPROMS.COM;
FEMMEBRIDES.COM;
FEMMEPROM.COM;
HALTERBRIDALDRESSES.COM;
HAPPIESTBRIDAL.COM;
HELLODRESSES.COM;
IZIDRESSES.COM;
JULIADRESSES.COM;
KELLY-PROM.COM;
LOTUSBRIDALS.COM;
LUXURYPROMSHOES.COM;
MASTERBRIDAL.COM;
MERAHBRIDES.COM;
NEWPROMSHOES.COM;
ONLINEDRESSALE.COM;
ONLINEPROMSHOES.COM;
ORDER2OFFER.COM;
PARTYDRESSY.COM;
PFBRIDE.COM; PROMPENNY.COM;
ROSELIFEONLINE.COM;
SANDIEGOBRIDALS.COM;
SHOESWALLET.COM;
SHOPONLINEDRESS.COM;
SHOPPINGWEDDINGDRESSES.COM;
SIGHTHIT.COM;
SPECIALWEDDINGDRESSES.COM;
SPOSABUYING.COM;
STOREOFPROMSHOES.COM;
TESBUY.COM;
THDRESS.COM;
URPROMDRESSES.COM;
WEDDING-DRESS.US;
WEDDINGDRESSESANCASTER.COM;
WEDDINGDRESSESANJOU.COM;
WEDDINGDRESSESARNPRIOR.COM;
WEDDINGDRESSESAURORA.COM;
WEDDINGDRESSESBROMONT.COM;
WEDDINGDRESSESCHICOUTIMI.COM;
WEDDINGDRESSESCRABTREE.COM;
WEDDINGDRESSESGANDER.COM;

| | |
|---|---|
| WEDDINGDRESSESMONTR.COM;<br>WEDDINGDRESSESSUMMERSIDE.COM;<br>WEDDINGDRESSESTERREBONNE.COM;<br>WEDDINGDRESSESYARMOUTH.COM;<br>WEDDINGDRESSHERE.COM;<br>WEDDINGGOWNS-WHOLESALE.COM;<br>CHEAPBRIDALPROM.COM;<br>JULIADRESS.COM;<br>3DS57.COM;<br>JOHN DOES 1-1,000 and<br>XYZ COMPANIES 1-1,000,<br><br>                    Defendants. | |

THOMPSON, U.S.D.J.

This matter is before the Court on Plaintiffs' Motion to Enforce Settlement.  (ECF No. 47).

Defendant pweddingdresses.com has not filed any opposition.  The Court has decided the Motion

after considering Plaintiffs' written submissions and without oral argument pursuant to Local

Civil Rule 78.1(b).  For the following reasons, the Court will deny Plaintiff's Motion.

Plaintiffs are a trade association and many of its members, who design and manufacture

formalwear.  Defendant pweddingdresses.com is one of the hundreds of Defendants that Plaintiffs

have sued for allegedly counterfeiting Plaintiffs' dresses and infringing on Plaintiffs' trademarks.

Pweddingdresses.com is one of only three Defendants who filed an Answer in this case.  (ECF

Nos. 29–31).  Plaintiffs were awarded default judgment against all the other Defendants on June 3,

2015.  (ECF No. 41).

According to Plaintiffs, after pweddingdresses.com filed its Answer, Plaintiffs negotiated a

settlement with pweddingdresses.com's counsel.  This settlement called for Chunxiang Hu

("Hu"), the individual who allegedly operated pweddingdresses.com, to pay Plaintiffs $6,798.22,

which is the amount frozen in Hu's PayPal account per an earlier ruling from this Court, in

exchange for a release by Plaintiffs of all claims against Hu.  (*See* ECF No. 47-3).  Though

Plaintiffs and Defendant's counsel were able to agree to what appears to be a complete settlement

agreement, Hu never signed the agreement.  (*Id.*).  Neither Hu nor pweddingdresses.com has taken any action in this case besides filing the initial Answer, and pweddingdresses.com's counsel has moved to withdraw as counsel on the grounds that he has not received any communications from his client since April 17, 2015.  (ECF No. 44, Decl. of Tang, at ¶ 4).

Plaintiffs now seeks to have this settlement enforced despite the fact that Hu never signed the settlement agreement.  The Court notes that the copy of the agreement that Plaintiffs have included as an exhibit to their motion has a blank space for Hu to sign, and that one of the terms of the settlement is that it can be executed in counterparts.  (*See* ECF No. 47-3, at 6–7).

Plaintiffs cite the cases *Lahue v. Pio Costa*, 623 A.2d 775 (N.J. Super. Ct. App. Div. 1993) and *Bistricer v. Bistricer*, 555 A.2d 45 (N.J. Super. Ct. App. Div. 1987) for the proposition that "[i]t is reasonable to enforce a settlement agreement reached in principle even if the agreement is not fully executed."  (ECF No. 47, Pls.' Br., at 4).  The Court finds that these two cases, which involved complicated, contentious family disputes, are distinguishable from the present situation.  In *Lahue*, the settlement that was enforced was lengthy, involved the resolution of several interlocking disputes, and was vigorously negotiated by both parties over the course of many months.  *Lahue*, 623 A.2d at 777–88.  In *Bistricer*, as in *Lahue*, the parties came to an agreement that Plaintiffs argued was merely a framework agreement instead of a settlement, but that the appellate division found was specific enough to be enforceable.  *Bistricer*, 555 A.2d at 49–50.  Additionally, the settlement in *Bistricer* was reached after a lengthy settlement conference with the court itself: "This court expended most of a day in settlement negotiations in *one* case [the *Bistricer* case], finally culminating at 7:00 in the evening in a probable settlement which was then confirmed the next day.  Later one party seeks to have the settlement set aside because that party doesn't agree on appropriate language to 'flesh out' the settlement agreement. If the New Jersey court system permits itself to be used in such a manner, then lengthy settlement

conferences in major complex cases will be a waste of time and the growing backlogs of our New Jersey courts will grow much bigger." *Id*. at 49 (emphasis in original). Clearly, the factual situations in *Lahue* and *Bistricer* were very different from the situation presented here.

In New Jersey, a "settlement is a contract and must be interpreted pursuant to principles of contract law." *Town of Kearny v. New Jersey Rail Carriers, LLC*, 2005 WL 2363101, at *3 (N.J. Super. Ct. App. Div. Sept. 28, 2005) (citing *Borough of Haledon v. Borough of North Haledon*, 358 N.J. Super. 289, 305 (N.J. Super. Ct. App. Div. 2003). "A settlement agreement becomes an enforceable contract when the parties agree upon and manifest their intent to be bound by all the essential terms of the proposed contract." *Norman Towers P'ship, LLC v. PWH Consulting, Inc.*, 2014 WL 3764128, at *3 (N.J. Super. Ct. App. Div. Aug. 1, 2014) (citing *Hagrish v. Olson*, 254 N.J. Super. 133, 138 (N.J. Super. Ct. App. Div. 1992). The fact that the settlement agreement has a section stating that it may be executed in counterparts and that it has a blank for Hu to sign indicates that the parties did not intend for the contract to be enforceable until it was executed by both parties. (ECF No. 47-3 at 6–7). Accordingly, the Court finds that the settlement contract is not enforceable. Plaintiffs' motion will be denied. An appropriate Order will follow.

*/s/ Anne E. Thompson*
HON. ANNE E. THOMPSON, U.S.D.J.